# EXHIBIT B

**STANLEY L. COHEN**
ATTORNEY AT LAW

79 Blackberry Lake Road
P.O. Box 629
Jeffersonville, N.Y. 12748
Cell (917) 544-5471
Fax (718) 499-2629
Stanleycohenlaw@gmail.com

EXHIBIT B

September 12, 2023

John Fowler
Deputy Attorney General
Office of the Attorney General Chris Carr
Prosecution Division
Georgia Department of Law
1 Martin Luther King, Jr. Drive, SW
Atlanta, Georgia 30334
By email: jfowler@law.ga.gov
Hard copy to follow

Re: *State of Georgia v. Ariel Ebaugh, et. al.*
Case # 23SC189192

Dear Mr. Fowler:

  I am writing to you with the concurrence of co-counsel Jason Sheffield, Esq regarding a number of issues on behalf of our client Ariel Ebaugh who was recently indicted by your Office in Fulton County for a Racketeering Conspiracy related to the so-called "Cop-City" demonstrations.

  Preliminarily, although your Office is obviously free to seek a superseding indictment as to our client if and when new evidence may develop that you believe justifies expanding the charges recently returned against her, currently there apparently remains in place the DeKalb County charges for which our client was arrested last December, including a count of Domestic Terrorism.[1]

  Inasmuch as we still have pending an unresolve writ of habeas corpus in Superior Court challenging the constitutionality of that statute, and were preparing

---

[1] When last checked with the Clerk's Office, the original charges against Ms. Ebaugh remain in place in DeKalb County.

## STANLEY L. COHEN

to seek a writ of mandamus in federal court against it as well, I write now to clarify whether the indictment identified as Fulton County case # 23SC189192 is in full satisfaction of those charges. If so, upon an application by your Office to dismiss the DeKalb County charges we will move to withdraw our writ in Superior Court and forgo, at this time, seeking any federal relief. On the other hand, absent such an application we will ask the Superior Court to proceed with our writ and consider seeking such other and further relief as is necessary to challenge the still pending Domestic Terrorism charge against our client.

In addition, although there are several theories as to why your Office elected to proceed with the prosecution of Ms. Ebaugh (and others arrested in DeKalb County), it is obvious that having undertaken an exhaustive review of the evidence and the law, District Attorney Boston withdrew from prosecuting our client having determined the charges which gave rise to her arrest were not appropriate or could not be proven beyond a reasonable doubt.

In that light, we would ask that you provide to us any and all evidence in your possession or that of law enforcement agencies involved with you in the investigation that is favorable or helpful to the defense. This would of course include evidence that is either exculpatory of the crime or impeaching of any witness, on the issue of guilt or sentencing. *See Brady v. Maryland*, 373 U.S. 83 (1963). *See, also, Danforth v. Chapman*, 297 Ga. 29, 29 (771 SE2d 886) (2015) ("[t]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). (internal quotations and citations omitted).

Respectfully yours,

Stanley L. Cohen, Esq.

cc: jasonsheffieldattorney@gmail.com

2