# EXHIBIT F

FILED 6/27/2023 11:54 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA



**IN THE SUPERIOR COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **ARIEL EBAUGH,** | |
| **PETITIONER,** | **CIVIL ACTION NO. 23CV5117** |
| **v.** | |
| **BRADDYE SMITH,**<br>**SUPERVISOR,**<br>**DEKALB COUNTY PRETRIAL SERVICES;** | |
| **MELODY M. MADDOX,**<br>**SHERIFF, DEKALB COUNTY** | |
| **&** | |
| **THE STATE OF GEORGIA** | |
| **RESPONDENTS.** | |

**RESPONDENTS BRADDYE SMITH AND SHERIFF MELODY M. MADDOX'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO HABEAS PETITION**

COME NOW, Respondents Braddye Smith and Sheriff Melody M. Maddox, hereafter referred to as ("the Respondents"), by and through the undersigned counsel, and file this Answer to Petitioner's Petition for a Writ of Habeas Corpus (the "Habeas") in the above-styled action as follows:

**FIRST DEFENSE**

The Habeas fails to state a claim against the Respondents upon which relief can be granted and should be dismissed.

**SECOND DEFENSE**

Service of process is insufficient pursuant to O.C.G.A. § 9-14-8, because the Petitioner failed to serve by delivery a copy of the Habeas to the Respondents personally or to an agent authorized to accept service on the Respondents' behalf.

DI

**THIRD DEFENSE**

The Habeas is not verified by oath of the Petitioner in accordance with O.C.G.A. § 9-14-4 and is subject to dismissal.

**FOURTH DEFENSE**

Petitioner has or will have other adequate remedies at law, such that the Habeas is subject to dismissal.

**FIFTH DEFENSE**

Without waiving any of the foregoing defenses, Respondents respond to the allegations set out in the individually numbered paragraphs as follows:

**INTRODUCTION AND PARAGRAPH PRECEDING INTRODUCTION**

The paragraphs preceding the numbered paragraphs of the Habeas and the footnotes referenced therein contain legal conclusions and rhetoric that require no response. To the extent these paragraphs contain factual allegations against Respondents, said allegations are denied.

**PARTIES**

1. Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore deny the same.

2. Respondents admit that Defendant Braddye Smith is a supervisor of the DeKalb County Pretrial Services, and that Melody M. Maddox is the Sheriff of DeKalb County, Georgia. Respondents state that the remaining allegations of Paragraph 2 call for a legal conclusion to which no response is required. To the extent a response is required, Respondents deny same.

2

## JURISDICTION

3.  Respondents admit this Court has jurisdiction over the alleged claims. However, insofar as Paragraph 3 alleges or implies that the Petitioner states a cause of action against Respondents, Paragraph 3 is denied, as Respondents deny restraining Plaintiff's liberty.

4.  Paragraph 4 asserts legal conclusions to which no response is required. To the extent a response is required, Respondents deny Paragraph 4.

5.  Paragraph 5 asserts legal conclusions to which no response is required. To the extent a response is required, Respondents deny Paragraph 5.

## FACTS AND ALLEGATIONS UNDERLYING ARIEL'S ARREST

6.  Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and therefore deny the same.

7.  Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore deny the same.

8.  Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and footnote 8, and therefore deny the same.

9.  Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and therefore deny the same.

10. Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore deny the same.

11. Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and footnote 9, and therefore deny the same.

12. Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore deny the same.

13. Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore deny the same.

14. Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore deny the same.

15. Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and therefore deny the same.

16. Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore deny the same.

## ARIEL'S DOMESTIC TERRORISM CHARGE

17. Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore deny the same.

18. Paragraph 18 states a legal conclusion to which no response is required. To the extent a response is required, Respondents deny same.

19. Paragraph 19 and footnote 10 assert legal conclusions to which no response is required. To the extent a response is required, Respondents deny same.

## THE DOMESTIC TERRORISM STATUTE IS UNCONSTITUTIONAL

20. Paragraph 20 and footnote 11 assert legal conclusions to which no response is required. To the extent a response is required, Respondents deny same.

21. Petition has no Paragraph 21 and therefore, no response is required.

22. Paragraph 22 asserts legal conclusions to which no response is required. To the extent a response is required, Respondents deny same.

23. Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is required, Respondents deny same.

23. Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second Paragraph 23 of the Habeas and the footnotes therein, and therefore deny the same.

24. Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore deny the same.

25. Paragraph 25 asserts legal conclusions to which no response is required. To the extent a response is required, Respondents deny same.

26. Paragraph 26 and footnote 30 assert legal conclusions to which no response is required. To the extent a response is required, Respondents deny same.

## ARGUMENT AND CITATION OF AUTHORITY

The un-numbered paragraphs included in the section titled "Argument and Citation of Authority" and the footnotes referenced therein contain legal conclusions and rhetoric to which no response is required. To the extent these paragraphs are intended to assert a cause of action against Respondents, they are denied.

27. Any allegations in Petitioner's Habeas that are not specifically admitted in this Answer are hereby denied.

**WHEREFORE**, Respondents Braddye Smith and Sheriff Melody M. Maddox respectfully pray as follows:

1) That Petitioner be denied any relief against Respondents and that the Habeas be dismissed with prejudice;

2) That Petitioner pay the costs of this action and, to the extent authorized by law, reimburse Respondents for their attorneys' fees and expenses of litigation; and

3) For such other and further relief as this Court deems just and proper.

Respectfully submitted this 27th day of June, 2023.

Laura K. Johnson
Deputy County Attorney
Ga. Bar. No. 392090

Nikisha L. McDonald
Supervising Attorney
Ga. Bar No. 489573

*/s/Omari J. Crawford*
Assistant County Attorney
Ga. Bar No. 179965

*Counsel for Respondents Braddye Smith
and Sheriff Melody M. Maddox*


**PLEASE ADDRESS ALL
COMMUNICATIONS TO:**

**Nikisha L. McDonald**
Supervising County Attorney
nmcdonald@dekalbcountyga.gov

**Omari J. Crawford**
Assistant County Attorney
ojcrawford@dekalbcountyga.gov

**DEKALB COUNTY LAW DEPARTMENT**
1300 Commerce Drive, 5th Floor
Decatur, Georgia 30030
Telephone: (404) 371-3011
Facsimile: (404) 371-3024

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

ARIEL EBAUGH,

    PETITIONER,

v.

BRADDYE SMITH,
SUPERVISOR,
DEKALB COUNTY PRETRIAL SERVICES;

MELODY M. MADDOX,
SHERIFF, DEKALB COUNTY

&

THE STATE OF GEORGIA

    RESPONDENTS.

CIVIL ACTION NO. 23CV5117

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed **RESPONDENTS BRADDYE SMITH AND SHERIFF MELODY M. MADDOX'S ANSWER AND AFFIRMATIVE DEFENSES TO HABEAS PETITION** with the Clerk of the Court using the Odyssey system which will electronically serve the following counsels of record:

Jason B. Sheffield, Esq.
**PETERS, RUBIN, SHEFFIELD, & HODGES P.A.**
2786 N. Decatur Rd.
Suite 245
Decatur, GA 30033

This the 27th day of June, 2023.

*/s/ Omari J. Crawford*
Assistant County Attorney
Ga. Bar No. 179965

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEOGIA

ARIEL EBAUGH,

    PETITIONER,                                                    CIVIL ACTION NO. 23CV5117

V.

BRADDYE SMITH,
SUPERVISOR,
DEKALB COUNTY PRETRIAL SERVICES;

MELODY M. MADDOX,
SHERIFF, DEKALB COUNTY

&

THE STATE OF GEORGIA

    RESPONDENTS.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed in the above-styled action the foregoing **ENTRY OF APPEARANCE** with the Clerk of Court using the Odyssey eFileGA system, which will automatically send e-mail notification of such filing to all parties of record.

Respectfully submitted this 28th day of June, 2023.

/s/ Nikisha L. McDonald
Nikisha L. McDonald
Supervising County Attorney
Georgia Bar No. 489573

PERSONS SERVED:

Jason B. Sheffield, Esq.
Peters, Rubin, Sheffield, & Hodges P.A.
2786 N. Decatur Rd. Suite 245
Decatur, GA 30033

3