**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ARIEL EBAUGH,

Plaintiff,

v.

THE SUPERIOR COURT OF DEKLAB COUNTY & THE STATE OF GEORGIA,

Defendants.

Civil Action No.
1:23-cv-04337-VMC

## ORDER

This matter is before the Court on a Motion to Dismiss Plaintiff's Petition for Writ of Mandamus. (Doc. 19). For the reasons below, the Court will grant Defendants' Motion.

### Background[1]

Plaintiff Ariel Ebaugh filed a Petition for Writ of Mandamus (the "Petition") in this Court on September 25, 2023.[2] The Petition seeks an order from this Court finding that Georgia's Domestic Terrorism Statute, O.C.G.A § 16-11-220(2)(B)

[1] Because this case is before the Court on a Motion to Dismiss, the following facts are drawn from Plaintiff's Complaint and are accepted as true. *Cooper v. Pate*, 378 U.S. 546, 546 (1964).

[2] Federal Rule 81 abolishes writs of mandamus. F.R.C.P. 81(b). Thus, the Court construes Plaintiff's Petition as a motion for preliminary injunction.

(2022), is a per se infringement upon and a violation of the First Amendment of the United States Constitution. (Doc. 1 at 1).

On or around December 14, 2022, Ms. Ebaugh was around the so called "Cop-City" protests in the South River Forest in DeKalb County, Georgia. (Doc. 2 at 9). A friend of Ms. Ebaugh told her that police officers were preparing to enter the area of the South River Forest where the protesters had gathered, and asked her to drive to the police staging ground to cause a distraction. (Doc. 2 at 10). Ms. Ebaugh drove to the staging ground, pulled a long rifle from the trunk of her vehicle, and approached the police officers with the rifle draped over her shoulder. (*Id.*). At no time did Ms. Ebaugh fire or aim the weapon at the officers or remove it from her shoulder. (*Id.*). And when the police officers ordered her to drop the rifle, Ms. Ebaugh complied. (*Id.*). Ms. Ebaugh was then arrested and charged with one count of domestic terrorism in violation of O.C.G.A § 16-11-220(2)(B). (*Id.*). At the time she filed her Petition, neither the Superior Court of DeKalb County, Georgia nor the Dekalb County District Attorney's Office had advanced the prosecution against Ms. Ebaugh on those charges. (*Id.* at 11).

Nearly ten months later, Ms. Ebaugh was charged under Georgia's RICO statute in the Superior Court of Fulton County, Georgia while the charges in DeKalb County were still pending. (*Id.* at 12). Ms. Ebaugh alleges that her attempts to persuade the Georgia Attorney General's Office to dismiss the domestic

terrorism charges and to have the Dekalb County Superior Court proceed on her writ of habeas corpus challenging the constitutionality of the Domestic Terrorism Statute have been unsuccessful. The DeKalb County Superior Court's inaction prompted Plaintiff to file her Petition in this Court.

**Legal Standard**

The Court should dismiss a complaint under Rule 12(b)(1) only where it lacks jurisdiction over the subject matter of the dispute. A motion to dismiss for lack of subject matter jurisdiction may be based on either a facial or factual challenge to the complaint. *See McElmurray v. Consol. Gov't of Augusta – Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* (internal quotations omitted).

**Discussion**

Defendants assert that Plaintiff's Petition should be dismissed for four reasons. First, Defendants argue that the Eleventh Amendment bars Plaintiff's

claim against the State. Next, Defendants argue that Georgia's sovereign immunity bars Plaintiff's claim. Third, Defendants contend that Plaintiff cannot use the federal mandamus statute to bring claims against them.[3] And last, Defendants assert that Plaintiff cannot use a federal district court to interfere with an ongoing state court criminal proceeding. (Doc. 19-1).

**A. Eleventh Amendment Immunity**

Defendants argue that the Court does not have subject matter jurisdiction because the State of Georgia and the Superior Court of Dekalb County Georgia have Eleventh Amendment Immunity.

The Eleventh Amendment bars suit against a state or one of its agencies, departments, or officials when the state is the real party in interest or when any monetary recovery would be paid from state funds. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97–102 (1984). Eleventh Amendment immunity applies to both states and entities that are considered "arms of the state." *McBride v. Bd. of Corr.*, 472 S.E.2d 693, 694–95 (Ga. Ct. App. 1996) (quoting *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 59 (1989)). There are three exceptions to this rule: (1) congressional override, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996); (2) waiver

[3] Plaintiff concedes that she is not attempting to bring claims under the Federal Mandamus Act. (Doc. 20 at 5).

by the state, *see College Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999); and (3) a suit against a state officer for "prospective injunctive relief in order to end a continuing violation of federal law," *Seminole Tribe*, 517 U.S. at 73.

Plaintiff concedes that the Eleventh Amendment bars suits against the State and the Superior Court of Dekalb County, Georgia. (Doc. 20 at 3). Yet, she argues that "[i]t is clear by the virtue of the history and the facts set forth with regard to this request for relief, Ms. Ebaugh seeks to estop individual office holders from enforcing an unconstitutional statute and not the amorphous state entity as a whole." (*Id.* at 6 n.6). In doing so, Plaintiff asks this Court to assume that the Petition alleges claims against individual state officers, but the federal pleading standards do not allow the Court to interpret pleadings this manner. Indeed, the function of a complaint under the federal rules is to give a defendant fair notice of the claims against him. *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated in part by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Because Plaintiff's Petition alleges claims against the State of Georgia and arms of the State rather than individual state officials, Plaintiff's claims are barred by the Eleventh Amendment. Therefore, the Court need not address Defendants' argument that Plaintiff's claims are barred by state sovereign immunity.

**B. Plaintiff's Request for Leave to Amend**

In a footnote, Plaintiff appears to request leave of Court to amend her Complaint. (Doc. 20 at 6 n. 6). Though leave "shall be freely given when justice so requires," a court may deny a request for leave when any amendment would provide futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Affording Plaintiff to leave to amend would be futile because even if she named the proper Defendants, the Court would have to abstain under *Younger v. Harris*, 401 U.S. 37, 45 (1979).

Under *Younger*, federal courts are instructed to abstain from interfering with state criminal proceedings absent special circumstances. *Id.* at 41. Federal courts ask three questions to determine whether *Younger* abstention applies: 1) whether there is an ongoing state judicial proceeding; 2) whether that proceeding implicates an important state interest; and 3) whether there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). If the answer to all three of these questions is yes, the federal court shall abstain.

Here, Plaintiff has criminal charges pending against her in the Superior Court of Fulton County, Georgia under Georgia's Domestic Terrorism Statute, O.C.G.A § 16-11-220, but she seeks an order from this Court striking down that statute as an infringement on her First Amendment rights. (Doc. 1 at 1). There is no question that there is an ongoing criminal proceeding against Plaintiff in the

State court. Nor is there any dispute that Georgia's Domestic Terrorism statute, and proceedings against those accused of violating that statute implicate an important state interest.[4] Finally, there is an adequate available remedy in the state court proceeding. In fact, Plaintiff acknowledges that she has already filed a pre-conviction habeas corpus challenge to her prosecution in the Dekalb Superior Court. (Doc. 20 at 11). Plaintiff's complaints about the delay or "judicial indifference" to her pending habeas petition does not prevent her from continuing to raise these issues in the state courts. *See, e.g., Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 908 (11th Cir. 2023) ("Adequacy in this context is not about the quality of the state proceedings, but rather about whether the challenge can be raised in the pending state proceeding") (citations and quotations omitted, alterations accepted). Finally, Plaintiff provides no support as to her inability to raise her constitutional challenges in the criminal proceedings against her.

As the Court finds all three of the *Middlesex* factors present, the Court must abstain from interfering with Plaintiff's criminal proceedings. And because the Court would be required to abstain from granting the relief Plaintiff seeks, the Court will not grant Plaintiff leave to amend.

---

[4] Plaintiff acknowledges that the proceedings against her implicate an important state interest. (Doc. 20 at 8).

## Conclusion

For the reasons above, the Court will grant Defendants' Motion to Dismiss Plaintiff's Petition for Mandamus. (Doc. 19). Further, the Court will deny Plaintiff leave to amend.

The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 22nd day of August, 2024.

Victoria Marie Calvert
United States District Judge